THOMAS J. DALY, CA Bar No. 119684
E-mail: thomas.daly@cph.com
SYED A. HASAN, CA Bar No. 167323
E-mail: art.hasan@cph.com
PATRICK J. ORMÉ, CA Bar No. 239025
E-mail: patrick.orme@cph.com
CHRISTIE, PARKER & HALE, LLP
350 West Colorado Boulevard, Suite 500
Post Office Box 7068
Pasadena, California 91109-7068
Telephone: (626) 795-9900
Facsimile: (626) 577-8800

Attorneys for Plaintiff/Counterdefendant,
Phantom II, LLC

WILLIAM A. WHITE Bar No. 121681
E-mail: wwhite@hillfarrer.com
G. CRESSWELL TEMPLETON, III Bar No. 138398
E-mail: ctempleton@hillfarrer.com
HILL, FARRER & BURRILL LLP
One California Plaza, 37th Floor
300 South Grand Avenue
Los Angeles, California 90071-3147
Telephone: (213) 620-0460
Facsimile: (213) 624-4840

Attorneys for Defendant and Counterclaimant
Lego Systems, Inc.

*Additional Counsel listed on last signature page*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHANTOM II, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>LEGO SYSTEMS, INC.,<br><br>Defendant.<br><br>LEGO SYSTEMS, INC.,<br><br>Counterclaimant, | CASE NO. CV07-02054 DSF (SHx)<br><br>**JOINT STIPULATED PROTECTIVE ORDER** |

vs.

PHANTOM II, LLC

Counterdefendants.

## I. INTRODUCTION.

**WHEREAS**, in the course of this litigation disclosure may be sought of information which a party or third party regards as being of a confidential, trade secret, and/or proprietary nature; and

**WHEREAS**, there is a need to establish a mechanism to protect the disclosure of such confidential, trade secret, or proprietary information in this action;

**THE PARTIES AGREE** that the following protective order shall govern the disclosure and use of confidential, trade secret, and/or proprietary information provided in discovery in this action, and any related proceedings or appeals of this action, by any party or third party.

## II. DEFINITIONS.

The following definitions apply in this protective order:

A. The designation "CONFIDENTIAL" may be applied by a party or third party to any type of information which that party or third party believes in good faith to constitute, contain, reveal or reflect proprietary or confidential financial, business, technical, personnel or related information.

B. The designation "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" may be applied by a party or third party to any type of information which it believes in good faith to constitute, contain, reveal or reflect proprietary or confidential, financial, business, technical, personnel or related information which is so highly sensitive and confidential as to require the possession of such information to be limited to the counsel of record and their agents only.

C. "Confidential Information" refers to all information which is subject

to the designations "CONFIDENTIAL," or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" as described above.

     **D.**    "Party" means every party to this action and every director, officer, employee, and managing agent of every party to this action.

     **E.**    "Third Party" means every person or entity not a party to this action that provides information, either testimonial or documentary, for use in this litigation through discovery or otherwise.

     **F.**    "Order" means this Protective Order.

**III.**    **TERMS OF THE PROTECTIVE ORDER.**

     **A.**    **Materials Subject to Designation.**

All depositions, originals or copies of transcripts of depositions, exhibits, answers to interrogatories and requests for admissions; and all documents, materials, tangible things and information obtained by inspection of files or facilities, by production of documents or by identification of documents previously gathered (hereinafter collectively referred to as "Information") may be designated by the party or a nonparty producing the Information in conformity with the definitions set forth above.

     **B.**    **Treatment of "Confidential -- Attorneys Only" Information.**

Except as provided in Paragraphs D and E below, information designated as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" and all information derived therefrom (excluding such information as is derived lawfully from an independent source) shall not be disclosed, given, shown, made available or communicated in any way to any person or entity other than counsel of record for a party, such counsel's staff, outside vendors of support or translation services retained by counsel of record (provided such vendors provide a signed agreement in the form of Exhibit A), court reporters transcribing testimony in this case, or the Court subject to Local Rule 79-5.1. Such information shall be used only for the purposes of this litigation, and shall not directly or indirectly be used for any

business, financial or other purpose whatsoever.

### C. **Treatment of "Confidential" Information.**

Except as provided in Paragraphs D and E below, information designated as "CONFIDENTIAL" and all information derived therefrom (excluding such information as is derived lawfully from an independent source) shall not be disclosed, given, shown, made available, or communicated in any way to any person or entity other than counsel of record for a party, such counsel's staff, outside vendors of support or translation services retained by counsel of record (provided such vendors provide a signed agreement in the form of Exhibit A), court reporters transcribing testimony in this case, the parties to this action and their current employees, third-party witnesses who counsel of record for a party believe have knowledge which would be reasonably calculated to lead to the discovery of admissible evidence, and the Court subject to Local Rule 79-5.1. Before disclosure to any person or entity other than counsel of record for a party, the person to whom such information is to be disclosed shall execute and deliver to the attorney of record making the disclosure a written agreement in the form attached hereto as Exhibit A. Such information shall be used only for the purposes of this litigation, and shall not directly or indirectly be used for any business, financial or other purpose whatsoever.

### D. **Outside Experts and Consultants.**

Documents designated as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" and "CONFIDENTIAL" may also be shown to outside experts or consultants, together with their clerical personnel, who are retained by a party in connection with the preparation for trial or trial in this action, provided that before disclosure to any such expert or consultant, the person to whom such information is to be disclosed shall execute a written agreement in the form attached hereto as Exhibit A. The foregoing notwithstanding, any such expert or consultant who is an employee of a competitor of any of the parties shall not be

shown or otherwise given access to documents or information designated "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," and any such expert or consultant that is an employee of any of the parties shall not be shown or otherwise given access to documents or information designated "CONFIDENTIAL -- ATTORNEYS' EYES ONLY."

E. **Request for Additional Disclosure.**

If any counsel of record desires to give, show, make available or communicate to any person apart from those permitted under Paragraphs B, C, and D any information designated as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" or "CONFIDENTIAL," that counsel of record shall first obtain the written consent of the party who designated the information as Confidential Information (the "designating party") through such party's counsel of record or seek leave of Court to do so. Each person to whom the Confidential Information is to be given, shown, made available or communicated must execute a written confidentiality agreement, in the form attached hereto as Exhibit A. Only after all of the foregoing conditions have been fully satisfied may the Confidential Information be given, shown, made available or communicated to any person other than those permitted under Paragraphs B, C, and D, unless otherwise agreed to by the parties.

F. **Record of Disclosure.**

A file shall be maintained by the counsel of record making a disclosure to third parties of all written agreements signed by persons to whom materials designated as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" have been given. A copy of each such agreement shall be sent to Counsel of Record for the designating party within five (5) days of disclosure with the exception that consulting experts need not be disclosed until five (5) days after the final disposition of the case. Said file shall be made available for inspection and copying by opposing counsel upon written request.

G.  **Maintenance of Designated Information.**

Counsel receiving designated information that is provided pursuant to this Order shall maintain such designated information in a secure and safe area and shall exercise due and proper care with respect to the storage, custody and use of all designated information, so as to prevent the unauthorized or inadvertent disclosure of any designated information.

H.  **Manner of Designating Documents.**

A party shall designate documents containing Confidential Information by placing a legend on each page of any document that party wishes to protect against disclosure or use. This legend shall state "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," or "CONFIDENTIAL," as appropriate. A designation of Confidential Information as to any thing of which inspection or sample has been requested shall be made by placing a "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" legend on the thing or container within which it is stored, or by some other means of designation agreed upon by the parties. All documents and things shall be marked prior to the provision of a physical copy thereof to the other party. Alternatively, documents may be made available for an initial inspection by counsel for the requesting (receiving) party prior to the furnishing party producing copies of selected items. In such cases, documents shall be inspected only by counsel for the receiving party permitted access to anything designated "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" pursuant to the terms of this Order, prior to furnishing copies to the receiving party. Such initial inspection shall not constitute waiver of confidentiality with respect to any document so inspected.

I.  **Initial Failure to Designate Information.**

The initial failure to designate Information "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" in accordance with this

Order shall not preclude any party, at a later date, from so designating the documents and to require such documents to be treated in accord with such designation from that time forward. If such Information has previously been disclosed to persons no longer qualified after such designation, the disclosing party shall take reasonable efforts to obtain all such previously disclosed Information, advise such persons of the claim of confidentiality, and have such persons execute written confidentiality agreements in the form attached hereto as Exhibit A. With respect to any documents produced to date by either party or any depositions that have been taken to date, either party has until 30 days after the entry of this Order in which to designate all or part of any such document or deposition as containing "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" information.

### J.   Manner of Designating Depositions.

In the case of a deposition, or oral examination of a present or former officer, employee or agent of one of the parties, counsel for such party may, at the commencement of such deposition, temporarily designate the entire deposition as "CONFIDENTIAL," provided, however, that where such an initial designation has been made, the designating party, within fifteen (15) days after receipt of the transcript, shall mark as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" those pages of the transcript as such party shall then deem confidential, (the confidential designation of all remaining pages being rescinded after such period), and shall notify the other party in writing which pages are deemed Confidential Information. In the event that such notice is not sent within said fifteen (15) days of the receipt of the transcript, no portion of the deposition shall thereafter be confidential unless the designating party thereafter notifies the other party that the failure to timely designate occurred by oversight.

### K.   Court Reporters.

Any court reporter who reports the testimony in this action at a deposition

shall agree, before reporting any such testimony involving Confidential Information, that all Confidential Information is and shall remain confidential and shall not be disclosed except to the attorneys of record and any other person who is present while such testimony is being given; that copies of any transcript, reporter's notes or any other transcription records of any such testimony shall be retained in absolute confidentiality and safekeeping by such reporter or shall be delivered to the attorney of record for the designating party or to the Court subject to the provisions hereof.

**L.   Filing Documents With The Court.**

All information designated as Confidential Information which is sought to be filed or lodged with the Court, or any pleading or memorandum purporting to reproduce or paraphrase such information, shall be filed or lodged in accordance with Local Rule 79-5.1 and the orders and procedures of the judge and magistrate judge on this case ("Confidential Court Records Procedures"), along with an application to the Court or, where applicable, stipulation, requesting such Confidential Information be filed under seal.

The designating party shall have the opportunity to make a submission in support of any application to seal made by the filing or lodging party. The designating party's supporting submission shall be due on or before any opposition to the application would be due, but in no event shall the deadline be sooner than five (5) days after the initial application is filed.

In the event any party files or lodges Confidential Information with the Court without following the Confidential Court Records Procedures ("disclosure"), the designating party may file an objection, appropriate application, or both ("challenge"), within five (5) days of learning of the disclosure. Upon proof of a disclosure, at the Court's discretion, the Confidential Information may be safeguarded from continued improper disclosure as the Court may deem appropriate and the party responsible for the disclosure may be

-8-

sanctioned in the Court's discretion pursuant to the challenge and upon a showing of bad faith. Nothing in this provision relieves a party of liability for damages caused by a disclosure in addition to any sanctions which may be imposed by the Court.

Should the Court deny an application or stipulation to file under seal on the merits thereof because the Court has determined that the subject information, in whole or in part, is not entitled to confidential treatment ("Redesignation Determination"), the subject information, as redesignated in whole or in part, shall no longer be entitled to any confidential treatment and need not be filed under seal but may be filed and used in like manner as any document that is not subject to a confidential designation.

Should the Court deny an application or stipulation to file under seal without stating the reasons for such denial or stating a reason other than the information is not entitled to confidential treatment, the parties shall continue to treat the subject information ("Rejected Confidential Materials") according to its "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" designation. Rejected Confidential Materials may not be re-filed or re-lodged with the Court except in accordance with Confidential Court Records Procedures and upon entry of an order either permitting the filing or lodging of such information under seal or constituting a Redesignation Determination in accordance with Paragraph R.

**M.   No Effect On Party's Own Use.**

Nothing contained in this Order shall affect the right of a party to disclose to its officers, directors, employees, partners or consultants or to use as it desires any information designated and produced by it as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" or "CONFIDENTIAL."

**N.   No Effect On Disclosure to Author or Addressees.**

Nothing contained in this Order shall affect the right of a party to disclose

any information designated as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" to the author or addressees of the document.

O.  **No Applicability to Public Information.**

The restrictions on dissemination of confidential information shall not apply to (i) information which prior to disclosure hereunder is either in the possession or knowledge of an inspecting party or person who, absent this order, is under no restriction regarding its dissemination, or (ii) information which is public knowledge or which after disclosure, becomes public knowledge other than through an act or omission or a party receiving the confidential information.

P.  **Legal Effect of Designations.**

The designation by a party of any document, material or information as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" is intended solely to facilitate discovery in this action, and neither such designation nor treatment in conformity with such designation shall be construed in any way as an admission or agreement by any party that the designated disclosure constitutes or contains any trade secret or confidential information. Failure to so designate any document or thing shall not constitute a waiver of any claim by a party that such documents or things do contain trade secrets, proprietary information, and/or confidential information.

Q.  **Final Disposition of Action.**

Upon the final disposition of this action, each counsel of record shall promptly return to counsel of record for the designating party all information designated "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" and all copies made thereof. Upon the final disposition of this action, each counsel of record shall also promptly destroy or see to the destruction of all writings related thereto, including but not limited to notes, analyses, memoranda or reports provided to or by any other persons, and certify to the designating party that such destruction has been done. As an exception to

the above requirements, counsel of record may retain a single file copy of any document filed with the Court, a copy of any written discovery response, and a transcript of any deposition testimony, together with all exhibits thereto. The copy of these retained documents shall be treated as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" and counsel of record shall immediately notify opposing counsel of record of any attempt by third parties to inspect and/or copy said documents. All actions taken hereunder shall be in compliance with the Local Rules.

### R. Motion For Relief From Designation.

If, subsequent to a party's receipt of information designated "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" or "CONFIDENTIAL," it shall appear to such party that any such information is not of a nature warranting the protection afforded hereunder, such party shall first notify counsel for the designating party in writing, providing its reasons for challenging the designation. If by 5 days after notice the parties have been unable to reach an agreement as to the designation, the party may bring a noticed motion or ex parte application to be relieved of its obligations under this Order as to any such Information. The designating party bears the burden of proof that any designated material meets the requirements for such designation.

### S. Modification of Order.

This Order shall not prevent any of the parties from applying to the Court for relief therefrom, or from applying to the Court for further or additional Protective Orders, or from agreeing between themselves to modification of this Protective Order, subject to the approval of the Court.

### T. Burden of Proof.

An inspecting party or person asserting that the information was possessed by it prior to disclosure, or was acquired or developed independently, and therefore not subject to this Order, shall have the burden of establishing the

validity of its position.

U. **Survival of Terms.**

Absent written modification hereof by the parties hereto or further order of the Court, the provisions of this Order that restrict the disclosure and use of Confidential Information shall survive the final disposition of this action and continue to be binding on all persons subject to the terms of this Order.

V. **Effect on Discovery.**

This Order shall not preclude or limit the right of any party to oppose discovery on any ground which would otherwise be available.

W. **Submitting to Jurisdiction of the Court.**

Each person to whom disclosure of any designated Information is made shall be subject to and hereby submits to the jurisdiction of the United States District Court for the Central District of California for the purpose of contempt proceedings in the event of any violation of this Order.

X. **Violation of Order.**

In the event anyone shall violate or threaten to violate any term of this Order, the parties agree that the aggrieved party may immediately apply to obtain injunctive relief against any such person violating or threatening to violate any of the terms of this Order and, in the event the aggrieved party shall do so, the respondent party subject to the provisions of this Order shall not employ as a defense thereto the claim that the aggrieved party possesses an adequate remedy of law. The parties and any other person subject to the terms of this Order agree that this Court has jurisdiction over such person or party for the purpose of enforcing this Order. In the event that any Confidential Information is disclosed by a receiving party in violation of this order, the Confidential Information shall not lose its status through such disclosure, and the parties shall take all steps reasonably required to assure its continued confidentiality.

Dated: January 4, 2008

CHRISTIE, PARKER & HALE, LLP

By: ______________________
Patrick J. Ormé
Attorneys for Plaintiff/Counterdefendant, Phantom II, LLC

Dated: January 4, 2008

HILL, FARRER & BURRILL, LLP

By: ______________________
William A. White
Attorney for Defendant/Counterclaimant, Lego Systems, Inc.

*Additional Counsel:*

GERALD E. LEVY
E-Mail: glevy@daypitney.com
DAY PITNEY LLP
7 Times Square
New York, New York  10036-7311
Telephone:  (212) 297-5824
Facsimile:  (212) 682-3485

ELIZABETH A. ALQUIST
E-mail:  eaalquist@daypitney.com
DAY PITNEY LLP
242 Trumbull Street
Hartford, Connecticut  06103
Telephone:  (860) 275-0137
Facsimile:  (860) 275-0343

Attorneys for Defendant and Counterclaimant
Lego Systems, Inc.

# ORDER

Based upon the stipulation of the parties and good cause having been shown, **IT IS SO ORDERED.**

Dated: 1/9/07

U.S. MAGISTRATE JUDGE

**EXHIBIT A**

## NON-DISCLOSURE AGREEMENT

I, _____, declare under penalty of perjury that:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

I HEREBY CERTIFY AND AGREE that I have read and understand the terms of the Joint Stipulated Protective Order ("Order") in the matter of Phantom II, LLC, Plaintiff, vs. Lego Systems, Inc., Defendant, in the United States District Court, Central District of California, Civil Action No. CV07-02054 DSF (SHx) that I will not use or disclose to anyone any of the contents of any Confidential Information received under the protection of the Order, and agree to be bound by the terms and conditions of the Order.

I understand that I am to retain all copies of any of the materials that I receive which have been so designated as Confidential Information in a container, cabinet, drawer, room or other safe place in a manner consistent with this Order, and that all copies are to remain in my custody until I have completed my assigned or legal duties, whereupon the copies are to be returned or destroyed as specified in the Order. I acknowledge that such return or the subsequent destruction of such materials shall not relieve me from any of the continuing obligations imposed upon me by the Order.

Dated: _____, 200__.        Signed: _____

PJO PAS763708.1-*-11/7/07 1:45 PM

# CERTIFICATE OF SERVICE

I certify that on January 4, 2008, I electronically filed the document described as **JOINT STIPULATED PROTECTIVE ORDER** with the Clerk of the Court using the ECF system which will send notification of such filing to the parties. I further certify that I have mailed a true copy of the above document via U.S. Mail to the non-ECF participants addressed as follows:

Elizabeth A Alquist
Day Pitney LLP
242 Trumbull Street
Hartford, CN 06103

Gerald Levy
Day Pitney LLP
7 Times Square
New York, NY 10036

/s/ _____
Susan Lovelace

CHRISTIE, PARKER & HALE, LLP